14-4074-cv
*Dhar v. NYC Dep't of Transp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand and fifteen.

Present:
>PETER W. HALL,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges*,
>CHRISTINA REISS,
>>*District Judge*.[*]

---

PRABIR DHAR,

>*Plaintiff-Appellant*,

>v.                                                    No. 14-4074-cv

NEW YORK CITY DEPARTMENT OF TRANSPORTATION, JYOTISH SHAH, ADMINISTRATIVE ENGINEER & DIRECTOR, NEW YORK CITY DEPARTMENT OF TRANSPORTATION BRIDGE INSPECTION, BOJIDAR YANEV, ADMINISTRATIVE ENGINEER & EXECUTIVE DIRECTOR, NEW YORK CITY DEPARTMENT OF TRANSPORTATION BRIDGE INSPECTION,

>*Defendants-Appellees*.

---

[*]The Honorable Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

1

| For Plaintiff-Appellant: | PRABIR DHAR, pro se, Elmhurst, NY. |
|---|---|
| For Defendants-Appellees: | ELLEN RAVITCH, Assistant Corporation Counsel, (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Prabir Dhar ("Dhar"), proceeding pro se, appeals the district court's grant of summary judgment to the defendants on his employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and 42 U.S.C. §§ 1981 and 1983; and the district court's decision to decline supplemental jurisdiction over his claims pursuant to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) (the "NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading Inc.*, 697 F.3d 59, 64 (2d Cir. 2012) (internal quotation marks omitted). We "resolve all ambiguities and draw all reasonable inferences in favor" of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment, however, is

appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Dhar does not challenge the district court's dismissal of his claims under 42 U.S.C. § 1985, or the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), and we therefore consider these claims abandoned on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Upon review of the federal and NYSHRL claims, we agree that Dhar's claims of pay discrimination and denial of promotion opportunities fail because the defendants had a legitimate and non-discriminatory reason for the differences in salaries and promotions between Dhar and his comparators, and Dhar failed to present any evidence that their legitimate reason—differing education and experience—was pretextual. *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998) (explaining if the prima facie case is rebutted, "the burden is then on the plaintiff to show by a preponderance of the evidence that the employer's stated reason was merely a pretext for discrimination"); *see also Ruiz v. Cnty. Of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (applying the same burden-shifting analysis to §§ 1981 and 1983 claims). Nor can Dhar prevail on his federal and NYSHRL claims based on the remaining allegations in his complaint because the alleged conduct did not qualify as adverse employment actions. *See Sanders v. New York City Human Resources Admin.*, 361 F.3d 749, 755 (2d Cir. 2004), ("[A]n adverse employment action [is] a materially adverse change in the terms and conditions of employment.") (internal quotation marks omitted); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000). Dhar's First Amendment claim fails because he did not engage in protected speech. *See Connick v. Myers*,

461 U.S. 138, 154 (1983). Finally, we conclude that the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Dhar's NYCHRL claim. *Cf. Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123–24 (2d Cir. 2006). We thus affirm substantially for the reasons stated by the district court.

We have considered all of Dhar's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4